**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| KATHRYN FLANAGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:17cv202 |
| | ) | |
| SYNGENTA CROP PROTECTION, LLC | ) | |
| and SYNGENTA CORPORATION | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on "Defendant's Motion to Dismiss" (Docket Entry 6) (the "Dismissal Motion") and "Plaintiff's Motion to Amend her Complaint with Consent" (Docket Entry 12) (the "Amendment Motion"). For the reasons that follow, the Court will grant the Amendment Motion and will grant in part and deny in part the Dismissal Motion.[1]

## BACKGROUND

Alleging violations of state and federal law, Kathryn M. Flanagan (the "Plaintiff") initiated this lawsuit against Syngenta Crop Protection, LLC ("Syngenta Crop Protection") and Syngenta Corporation (collectively, the "Defendants") in the Superior Court of North Carolina for Guilford County. (See Docket Entry 3 (the

---

[1] Pursuant to the parties' consent, United States District Judge Catherine C. Eagles referred this matter to the undersigned United States Magistrate Judge for all proceedings. (See Docket Entries 15, 15-1.)

"Complaint") at 1-4).[2]  Based on federal question jurisdiction

regarding "Counts 'One' and 'Two'" and "supplemental jurisdiction

[regarding] Counts 'Three,' 'Four' and 'Five'" (Docket Entry 1 at

2), Defendants removed the lawsuit to this Court (see id. at 1, 3).

Syngenta Crop Protection then moved to dismiss the Complaint

pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of

Civil Procedure (the "Rules").  (See Docket Entry 6.)[3]

---

2   Docket Entry page citations utilize the CM/ECF footer's pagination.

3   Syngenta Corporation neither joined the Dismissal Motion nor filed a separate motion to dismiss.  (See, e.g., Docket Entry 13 at 1 ("Defendant Sygenta [sic] Crop Protection, LLC ('Defendant'), by and through its undersigned counsel, hereby submits the following Reply in Support of Defendant's Motion to Dismiss the Complaint filed against it by Plaintiff Kathryn Flanagan ('Plaintiff')." (footnotes omitted)); see also Docket Entries dated Mar. 9, 2017, to present.)  Syngenta Crop Protection, however, has asserted that, "[b]ecause Plaintiff's [administrative] charge failed to name Syngenta Corporation as a Respondent, Syngenta Corporation should be dismissed from this lawsuit pursuant to [Rule] 12(b)(1)."  (Docket Entry 7 at 6.)  Regardless of whether Syngenta Crop Protection may raise an argument on behalf of Syngenta Corporation, "[a] federal court has an independent obligation to assess its subject[ ]matter jurisdiction . . . ." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 480 (4th Cir. 2005).  In this case, however, for reasons set forth in Part II of the Discussion, the Court clearly lacks subject matter jurisdiction (for a different reason) over one of Plaintiff's federal claims, Plaintiff's other federal claim clearly fails as a matter of law, and no reason exists for the Court to retain jurisdiction over Plaintiff's state-law claims.  Moreover, deciding whether Syngenta Corporation's absence from the administrative charge defeats subject matter jurisdiction presents some difficulty.  See, e.g., Meadows v. Charles Cty. Sch. Bd. of Educ., No. CV 16-2897, 2017 WL 2618272, at *6 (D. Md. June 16, 2017) (discussing the "substantial identity" exception to the administrative exhaustion naming requirement, which necessitates examination of, inter alia, the "similarity of interests between named and unnamed parties" and whether the unnamed party suffered

After responding in opposition to the Dismissal Motion (see Docket Entry 11 (the "Response")), Plaintiff filed her Amendment Motion (Docket Entry 12), which Defendants did not oppose (see Docket Entries dated May 19, 2017, to present). Instead, in its "Reply in Support of Defendant's Motion to Dismiss" (Docket Entry 13) (the "Reply"), Syngenta Crop Protection asked that the "Court rule on the merits of [the Dismissal Motion]" as applied to

---

actual prejudice from its omission (internal quotation marks omitted)); Pashby v. Letum Care, Inc., No. CIVA 05-1507, 2006 WL 2700697, at *4-5 (W.D. La. Sept. 15, 2006) ("An age discrimination suit can be brought against a person not named in the notice of intent if (1) there is substantial identity between the defendant not named in the notice and the defendant who was so named, and (2) the unnamed defendant had notice of the administrative proceeding." (collecting cases)); see also Keener v. Universal Cos., Inc., 128 F. Supp. 3d 902, 915-17 (M.D.N.C. 2015) (concluding that substantial identity exception applied to the defendants). The record before the Court makes this determination particularly difficult, as Syngenta Crop Protection pursues a dismissal argument on behalf of Syngenta Corporation based solely on the fact that they "are distinct legal entities" (Docket Entry 7 at 5), with Syngenta Crop Protection qualifying as a wholly-owned subsidiary of Syngenta Corporation (id. at 6 n.5), while Plaintiff (i) avers that she "advised the [Equal Employment Opportunity Commission (the 'EEOC')] that [her] employer was both Syngenta Crop Protection, Inc. and Syngenta Corporation" (Docket Entry 11 at 12) and (ii) implies that both Defendants participated in the administrative process (see id. at 2-3). Accordingly, under these unique circumstances, the Court will forego resolution of that matter. Avoiding that subject matter jurisdiction question "is not an impermissible exercise of 'hypothetical jurisdiction' prohibited by Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89-101 (1998). That case prohibits resolution of a case on the merits based on the assumption that Article III jurisdiction exists. See id. at 97 n.2. But it permits resolution of merits questions before resolution of statutory jurisdictional questions [such as administrative exhaustion]." JDS Uniphase Corp. v. Jennings, 473 F. Supp. 2d 705, 711 n.5 (E.D. Va. 2007) (internal parallel citations omitted); accord, e.g., Mozingo v. South Fin. Grp., Inc., 520 F. Supp. 2d 733, 740 (D.S.C. 2007).

Plaintiff's proposed Amended Complaint. (Id. at 1 n.2.) Plaintiff filed no objection to that request. (See Docket Entries dated May 30, 2017, to present.)

## DISCUSSION

### I. Amendment Motion

Through the Amendment Motion, Plaintiff seeks leave to "amend Count 2 of her [C]omplaint." (Docket Entry 12 at 1.) At this stage of the proceedings, Plaintiff may amend her Complaint "only with [Defendants'] written consent or the [C]ourt's leave." Fed. R. Civ. P. 15(a)(2). Plaintiff states that Defendants consent to the requested amendment. (See Docket Entry 12 at 1.) Defendants do not dispute this representation. (See Docket Entry 13 at 1 n.2, 6 n.5; see also Docket Entries dated May 19, 2017, to present (containing no filing from Syngenta Corporation).) Accordingly, the Court will grant the Amendment Motion.

Plaintiff attached her proposed "[A]mended [C]omplaint which contains only changes to Count 2 of her original [C]omplaint" to the Amendment Motion. (Docket Entry 12 at 1.) More specifically, Plaintiff submitted the "Amended Complaint" as pages four through eight, and "Exhibit 1" as pages ten through twelve, of Docket Entry 12. (See id. at 4-12 (all-cap font omitted).) The copy of Exhibit 1 attached to the Amendment Motion omits one page of the exhibit. (Compare id. at 10-12, with Docket Entry 3-1.) Given Plaintiff's stated intention to change only Count Two (see Docket Entry 12 at

1), which lacks reference to Exhibit 1 (see id. at 4-6), the Court will deem the Amended Complaint to contain (i) pages four through eight of the Amendment Motion (id. at 4-8) and (ii) Exhibit 1 as filed with the original Complaint (Docket Entry 3-1).

## II. Dismissal Motion

### A. Preliminary Considerations

Plaintiff moved to amend her Complaint while the Dismissal Motion remained pending. (See Docket Entries dated Mar. 15, 2017, to May 19, 2017.) In its Reply, Syngenta Crop Protection addressed the proposed Amended Complaint and requested that the Court rule on the Dismissal Motion "without issuing an order mooting [the Dismissal Motion, the Response, and the Reply] and requiring the parties to re-file" (Docket Entry 13 at 1 n.2). (See, e.g., id. (asserting that the Amended Complaint "is substantively identical to the instant Complaint, except that it adds a reference to the Age Discrimination in Employment Act (the 'ADEA')," and that "the only portion of Defendant's pending [Dismissal Motion] that would be mooted by Plaintiff's proposed amendment is Part III.2 (Dkt. No. 7, at 9), which notes that Plaintiff improperly asserted an age discrimination claim pursuant to Title VII [of the Civil Rights Act of 1964 ('Title VII')], rather than the ADEA" (emphasis in original)).) Plaintiff neither disputes Syngenta Crop Protection's characterization of the Amended Complaint nor opposes its request

to apply the Dismissal Motion to the Amended Complaint. (<u>See</u> Docket Entries dated May 30, 2017, to present.)

"As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect." <u>Young v. City of Mount Ranier</u>, 238 F.3d 567, 572 (4th Cir. 2001) (internal quotation marks omitted). Thus, the filing of an amended complaint normally moots a pending motion to dismiss. <u>See, e.g.</u>, <u>Mooney v. Cato Corp.</u>, No. 1:07cv76, 2007 WL 2406961, at *1 (W.D.N.C. Aug. 20, 2007). Here, however, the Amended Complaint differs from the original Complaint in only minor respects (<u>compare</u> Docket Entry 12 at 4-8, <u>with</u> Docket Entry 3), and Syngenta Crop Protection addressed the Amended Complaint in its Reply (<u>see generally</u> Docket Entry 13). Moreover, the majority of Syngenta Crop Protection's dismissal arguments apply equally to the Amended Complaint as to the Complaint. (<u>See, e.g.</u>, <u>id.</u> at 1 n.2.) Under the circumstances, the Court will "consider the [Dismissal M]otion as being addressed to the [A]mended [Complaint]," 6 Charles Alan Wright, et al., Federal Practice and Procedure § 1476 (3d ed. 2017). <u>See</u> <u>Brumfield v. McCann</u>, No. 2:12-cv-1481, 2013 WL 943807, at *2-3 (S.D. W. Va. Mar. 11, 2013) (granting motion to amend complaint, but concluding that court could still consider pending dismissal motions, and collecting cases).

The Amended Complaint asserts five counts against Defendants. (<u>See</u> Docket Entry 12 at 4-8.) Specifically, Plaintiff asserts

claims for (i) "Age Discrimination/Retaliation," in violation of federal law (Count One) (the "Retaliation Claim"); (ii) "Age Discrimination," in violation of federal law (Count Two) (the "Age Discrimination Claim"); (iii) "Breach of Contract" (Count Three); and (iv) "Intentional Infliction of Emotional Distress" (Counts Four and Five). (Id. at 5-7 (all-cap font omitted).) Syngenta Crop Protection moves to dismiss Plaintiff's Retaliation Claim for failure to exhaust administrative remedies and further moves to dismiss all counts for failure to state a claim upon which relief can be granted. (See Docket Entries 6, 7, 13.) Plaintiff opposes each request. (See generally Docket Entry 11.)

## B. Retaliation Claim

### i. Jurisdictional Standards

Syngenta Crop Protection requests dismissal of Plaintiff's Retaliation Claim under Rule 12(b)(1). (See Docket Entry 7 at 7.) In her Amended Complaint (and Response), Plaintiff asserts that she appropriately exhausted administrative remedies on this claim. (See Docket Entry 12 at 7 ("Plaintiff has complied with all necessary prerequisites and has received a 'right to sue letter' from the" Equal Employment Opportunity Commission (the "EEOC").); see also Docket Entry 11 at 4 ("Plaintiff has raised a valid claim of retaliation both herein and before the EEOC.").) Conversely, Syngenta Crop Protection contends that Plaintiff failed to exhaust administrative remedies on her Retaliation Claim, depriving the

Court of subject matter jurisdiction over that claim. (See Docket Entry 7 at 7-9; Docket Entry 13 at 4-6.)

By asserting "that the jurisdictional allegations of the [Amended C]omplaint [are] not true," Syngenta Crop Protection raises a factual challenge to the Court's subject matter jurisdiction. Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009) (internal quotation marks omitted; final set of brackets in original); see also Fonjungo v. Rite Aid Corp., No. CV 16-760, 2017 WL 1546415, at *4 (D. Md. Apr. 28, 2017) ("[The defendant] brings a factual challenge because it argues that [the plaintiff] failed to exhaust the administrative remedies for his claim under Title VII."). Where, as here, the factual challenge does not implicate the merits of the case, the "[C]ourt is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." Kerns, 585 F.3d at 192-93; see also United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 348 (4th Cir. 2009) ("Unless 'the jurisdictional facts are intertwined with the facts central to the merits of the dispute,' the district court may . . . resolve the jurisdictional facts in dispute by considering evidence outside the pleadings, such as affidavits." (internal quotation marks omitted)).

In so doing, the Court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary

judgment." <u>Velasco v. Government of Indonesia</u>, 370 F.3d 392, 398 (4th Cir. 2004). Plaintiff bears the burden of establishing subject matter jurisdiction for her Retaliation Claim. <u>See Richmond, Fredericksburg & Potomac R.R. Co. v. United States</u>, 945 F.2d 765, 768 (4th Cir. 1991) ("When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff."); <u>see also Calloway v. Durham Cty. Pub. Sch. Bd. of Educ.</u>, No. 1:15cv187, 2016 WL 634878, at *4 (M.D.N.C. Feb. 17, 2016) (concluding that the plaintiff bore the burden of establishing administrative exhaustion in employment discrimination case removed under federal question jurisdiction).[4]

"An employee seeking redress for discrimination cannot file suit until she has exhausted the administrative process." <u>Balas v. Huntington Ingalls Indus., Inc.</u>, 711 F.3d 401, 406 (4th Cir. 2013). To satisfy this requirement, a plaintiff must file a charge with

---

    4 Because they removed this case to federal court, Defendants bore an initial burden of establishing federal subject matter jurisdiction. <u>See Blockbuster, Inc. v. Galeno</u>, 472 F.3d 53, 57 (2d Cir. 2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction."); <u>see also McNutt v. General Motors Acceptance Corp. of Ind.</u>, 298 U.S. 178, 189 (1936) ("The prerequisites to the exercise of jurisdiction . . . . are conditions which must be met by the party who seeks the exercise of jurisdiction in his favor."). Defendants removed this case based on federal question jurisdiction (<u>see</u> Docket Entry 1 at 2-3), and Plaintiff undisputedly raises claims under federal law (<u>see</u> Docket Entry 12 at 5-6; <u>see also</u> Docket Entry 3 at 2-3). "As a result, removal and this [C]ourt's subject matter jurisdiction pursuant to 28 U.S.C. § 1331 are not in dispute." <u>Calloway</u>, 2016 WL 634878, at *4.

the EEOC regarding the alleged discrimination. See Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 962-63 (4th Cir. 1996) (discussing procedures under the ADEA and Title VII). This "EEOC charge defines the scope of [the plaintiff's] subsequent right to institute a civil suit. If a plaintiff's claims in her judicial complaint are reasonably related to her EEOC charge and can be expected to follow from a reasonable administrative investigation, the plaintiff may advance such claims in her subsequent civil suit." Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000) (citation omitted). Thus, "a [subsequent] lawsuit may extend to any kind of discrimination like or related to allegations contained in the charge and growing out of such allegations during the pendency of the case before the [EEOC]." Nealon v. Stone, 958 F.2d 584, 590 (4th Cir. 1992) (internal quotation marks omitted). Nevertheless, "a claim in formal litigation will generally be barred if the EEOC charge alleges discrimination on one basis, such as race, and the formal litigation claim alleges discrimination on a separate basis, such as sex." Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009).

## ii. Analysis

The Amended Complaint appears to assert an age-related retaliation claim. For instance, the Amended Complaint states:

5. From approximately July 2015 through her termination, Plaintiff was subjected to disparate and discriminatory treatment by Defendants due to her age. . . .

6. After bringing complaint of this treatment to the attention of Defendants, Defendants failed to fairly treat [P]laintiff. Shortly after making said complaints, Plaintiff was subjected to even further discriminatory treatment and subjected to punitive and retaliatory treatment.

. . . .

11. Due to Plaintiff's complaint in regards to her treatment and discrimination, Defendants retaliated against Plaintiff by discharging her.

(Docket Entry 12 at 4-5.)  However, the Amended Complaint alleges the Retaliation Claim pursuant to Title VII, rather than the ADEA. (See id. at 5.)  Given the foregoing allegations, though, the Court construes Plaintiff's Retaliation Claim as an age-based retaliation claim under the ADEA.  See, e.g., Gray v. Walmart Stores, Inc., No. 7:10-cv-171, 2011 WL 1831780, at *3 (E.D.N.C. May 12, 2011) ("[The p]laintiff also appears to assert an age discrimination claim pursuant to Title VII.   However, the Fourth Circuit Court of Appeals has held that the [ADEA] provides the exclusive judicial remedy for claims of age discrimination.   Accordingly, the court will consider [the] plaintiff's age discrimination claim under the ADEA." (citations and internal quotation marks omitted)).[5]

---

        5    The Court recognizes (i) that, unlike with her Age Discrimination Claim, Plaintiff did not amend her Retaliation Claim to include an ADEA reference (see Docket Entry 12 at 5-6), and (ii) that Plaintiff's affidavit asserts that she "advised [the EEOC] that [she] was the victim of . . . . sex discrimination" (Docket Entry 11 at 12).   Plaintiff further asserts that she

11

Syngenta Crop Protection asserts that Plaintiff failed to exhaust her Retaliation Claim because (i) she failed to "check the box indicating 'Retaliation' on her charge" and (ii) her "charge does not contain any allegations that Plaintiff complained about such perceived age discrimination to [Syngenta Crop Protection] or that [Syngenta Crop Protection] discharged her in retaliation for such complaints." (Docket Entry 7 at 8.) In response to these contentions, Plaintiff submitted an affidavit stating that she "advised [the EEOC] that [she] was the victim of retaliation as well as age and sex discrimination." (Docket Entry 11 at 12; see

_____

"specifically advised the EEOC that [her] termination was due to discriminatory treatment due to [her] age and retaliation for comments that [she] had made about improper conduct by a superior and former manager of the I.P. department at Defendants' location in N.C." (Id. at 11; see also id. at 4 (maintaining that Plaintiff "engaged in a protected activity [by] discussing improper conduct of a senior manager (diversion of company assets)" (internal quotation marks omitted)).) The Court concludes, however, that any retaliation claim based on either sex discrimination or reporting another employee's diversion of assets necessarily fails. To begin with, reporting illicit use of funds does not, standing alone, constitute protected activity under either Title VII or the ADEA. See 42 U.S.C. § 2000e-2 (prohibiting discrimination based on "race, color, religion, sex, or national origin"); 29 U.S.C. § 623(a)(1) (prohibiting discrimination based on an "individual's age"). Moreover, referencing only age discrimination, Plaintiff's EEOC charge lacks any hint of sex discrimination (or diversion of assets), let alone retaliation for reporting such conduct. (See Docket Entry 6-1 at 2.) As such, Plaintiff failed to exhaust any sex-based retaliation claim. See, e.g., Sydnor v. Fairfax Cty., Va., 681 F.3d 591, 593-94 (4th Cir. 2012) (explaining that the Fourth Circuit has "not found exhaustion where a charge alleges only racial discrimination but the complaint includes sex discrimination or where a charge alleges only retaliation but the complaint alleges racial discrimination as well" (citation omitted)).

also id. at 11 ("I specifically advised the EEOC that my termination was due to discriminatory treatment due to my age and retaliation for comments that I had made about improper conduct by a superior and former manager of the I.P. department at Defendants' location in N.C.").) Notably, though, Plaintiff neither asserts that she amended her EEOC charge to contain such information nor disputes that Docket Entry 6-1 constitutes her operative EEOC charge. (See generally Docket Entry 11.) Accordingly, the Court evaluates whether Plaintiff exhausted her Retaliation Claim by examining this EEOC charge.

As an initial matter, "[Plaintiff's] failure to check a box on the [EEOC] form is not dispositive. Instead, [the Court] look[s] at the charge as a whole, and the absence of a checked box is only one factor in [its] analysis." Mercer v. PHH Corp., 641 F. App'x 233, 238-39 (4th Cir. 2016). Here, Plaintiff's EEOC charge checks the "age" discrimination box, but does not select the "retaliation" box or any other discriminatory category. (Docket Entry 6-1 at 2 (all-cap font omitted).) As to the "particulars" of the alleged discrimination, it states:

> I'd been employed by the Respondent since 2007; most recently as an Administrative Assistant within the Corporate Legal Department. In February 2015[,] however, I was abruptly and involuntarily transferred from my position to the aforementioned position by North American Legal Department Manager/General Counsel, Steve Berreth. I was fully trained and proficient in my original position and my performance had been meeting expectations.

In December 2015, I was discharged by Mr. Berreth for not performing well in the position I was involuntarily transferred to. Although I'd not been properly trained to perform or provided regular assistance with the duties associated with that position, I strove to succeed and performed as well as can be expected given the circumstances. In the end, my efforts and prior years of service were completely discounted.

I believe that I have been discriminated against due to my age (68) in violation of The Age Discrimination Employment Act of 1967, as amended.

(Id. (all-cap font omitted).)

This description lacks any indication that Plaintiff experienced retaliation for reporting discriminatory (or otherwise improper) conduct. Indeed, it does not even indicate that Plaintiff reported any problematic conduct to Defendants, let alone that Plaintiff complained of perceived age discrimination. Given this description and its identification of only the "age" discrimination box, nothing in the EEOC charge suggests that an ensuing "reasonable administrative investigation," Smith, 202 F.3d at 247, would involve the retaliation allegations Plaintiff now presents. Under the circumstances, Plaintiff failed to establish that she administratively exhausted the Retaliation Claim, necessitating its dismissal. See Jones, 551 F.3d at 301 (concluding that the plaintiff exhausted only her retaliation claim and ordering "dismiss[al of her unexhausted age, sex, and race discrimination claims] for lack of subject matter jurisdiction").

## C. Age Discrimination Claim

### i. Rule 12(b)(6) Standards

Contending that "Plaintiff has not stated a single claim upon which relief can be granted," Syngenta Crop Protection seeks dismissal of Plaintiff's Age Discrimination Claim pursuant to Rule 12(b)(6). (Docket Entry 6 at 1.) A Rule 12(b)(6) motion "tests the sufficiency of a complaint," but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). In reviewing a motion to dismiss, the Court must "accept the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff." Coleman v. Maryland Court of Appeals, 626 F.3d 187, 189 (4th Cir. 2010), aff'd sub nom., Coleman v. Court of Appeals of Md., 556 U.S. 30 (2012). The Court must also "draw all reasonable inferences in favor of the plaintiff." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 440 (4th Cir. 2011) (internal quotation marks omitted).

In ruling on a Rule 12(b)(6) motion, "a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." Id. at 448. Generally, a "court cannot go beyond these documents" without "convert[ing] the motion into one for summary judgment," an action from which courts should refrain "where the parties have not had an opportunity for

reasonable discovery. Additionally, statements by counsel that raise new facts constitute matters beyond the pleadings and cannot be considered on a Rule 12(b)(6) motion." Id. at 448-49 (citation omitted). Nevertheless, in reviewing 12(b)(6) motions, courts "may properly take judicial notice of matters of public record." Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual allegations "to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To qualify as plausible, a claim needs sufficient factual content to support a reasonable inference of the defendant's liability for the alleged misconduct. Id. A complaint need not contain detailed factual recitations, but must provide the defendant "fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (internal quotation marks and alteration omitted). Thus, although a plaintiff must allege sufficient facts "to state all the elements of her claim," Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003), she need not plead facts constituting a McDonnell Douglas prima facie case of discrimination to survive a motion to dismiss, Swierkiewicz v. Sorema N. A., 534 U.S. 506, 514-15 (2002) (analyzing Title VII and ADEA claims).

**ii. Analysis**

The ADEA prohibits an employer from discharging "or otherwise discriminat[ing] against any individual with respect to h[er] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To qualify for ADEA protections, an individual must be "at least 40 years of age." 29 U.S.C. § 631(a). Thus, to state an ADEA claim, a plaintiff must allege facts showing that she qualifies as aged 40 or older and experienced employment discrimination because of her age. Although not required, see Swierkiewicz, 534 U.S. at 514-15, a plaintiff can satisfy this standard by pleading facts showing that

> (1) she is a member of a protected class — that is, forty years or older; (2) she suffered adverse employment action; (3) she was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action; and (4) the position remained open or she was replaced by a substantially younger person,

Hartman v. University of Md. at Balt., 595 F. App'x 179, 181 (4th Cir. 2014) (internal quotation marks omitted); see also Buchhagen v. ICF Int'l, Inc., 545 F. App'x 217, 220 (4th Cir. 2013) (concluding that a "complaint sufficiently allege[d] unlawful age discrimination" where it "allege[d] that [the plaintiff] is a member of a protected class (she was 67 when she was fired); that she suffered an adverse employment action (termination); and that she was replaced by a substantially younger employee" and also

17

contained factual "allegations of disparate treatment and pretext").

As relevant to the Age Discrimination Claim, the Amended Complaint alleges:

> 4. Plaintiff was employed by Defendants for a period of approximately eight (8) years as an administrative assistant, an employee relations coordinator, and events coordinator for the legal department and legal secretary during said term of Plaintiff's employment with Defendants from approximately August, 2007 thru December, 2015.
>
> 5. From approximately July 2015 through her termination, Plaintiff was subjected to disparate and discriminatory treatment by Defendants due to her age. She was regularly misled about her position and job responsibilities by Defendants. Defendants routinely changed Plaintiff's job duties and on occasions failed to train or support her for the different positions[.]
>
> 6. After bringing complaint of this treatment to the attention of Defendants, Defendants failed to fairly treat [P]laintiff. Shortly after making said complaints, Plaintiff was subjected to even further discriminatory treatment and subjected to punitive and retaliatory treatment.
>
> 7. Plaintiff was moved to at least one other position without training or support. This was intentionally undertaken to create a situation in which Plaintiff would likely fail.
>
> . . . .
>
> 10. Upon information and belief, Defendants was [sic] aware and on notice that Plaintiff had complained of misconduct by its [sic] employees who were discriminating against her due to her age. Said conduct was reported to management of Defendants but the discriminating treatment of Plaintiff continued Defendants, [sic] thus, demonstrating that Defendants tolerated and encouraged said offensive conduct by its [sic] employees.

11. Due to Plaintiff's complaint in regards to her treatment and discrimination, Defendants retaliated against Plaintiff by discharging her.

. . . .

14. Plaintiff was terminated by Defendants as a results [sic] of her age.

15. Plaintiff was terminated under a pattern and practice of age discrimination adopted by Defendants.

(Docket Entry 12 at 4-5.)

These allegations fail to plead a viable ADEA claim. Most fundamentally, nothing in the Amended Complaint shows that Plaintiff qualifies for ADEA protections: the Amended Complaint neither specifies Plaintiff's age nor details an employment history of sufficient length to imply that Plaintiff qualifies as aged forty or older. In addition, the Amended Complaint contains only conclusory allegations of age discrimination. (See, e.g., id. at 5 ("Plaintiff was terminated by Defendants as a result[] of her age.").) However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" under Rule 12(b)(6). Iqbal, 556 U.S. at 678. As pleaded in the Amended Complaint, therefore, the Age Discrimination Claim cannot withstand Rule 12(b)(6) dismissal.

Even augmented by the allegations in the EEOC charge, Plaintiff's Age Discrimination Claim fails.[6]   The EEOC charge

_____

6   The Court may consider Plaintiff's EEOC charge without converting the Dismissal Motion into a motion for summary judgment.

supplies Plaintiff's age (68) and alleges that she "was fully trained and proficient in [her] original position and [her] performance had been meeting expectations" prior to her transfer in February 2015 to the position from which she "was discharged . . . for not performing well" in December 2015. (Docket Entry 6-1 at 2.) It further alleges that Plaintiff had "not been properly trained to perform or provided regular assistance with the duties associated with that [new] position, [but] strove to succeed and performed as well as can be expected given the circumstances." (Id.) Thus, to the extent Plaintiff's Age Discrimination Claim encompasses her initial transfer and all subsequent conduct (but see Docket Entry 12 at 4 (alleging that discrimination occurred "[f]rom approximately July 2015 through her termination")), the EEOC charge supplies the first three elements of the McDonnell Douglas prima facie ADEA case (i.e., qualifying age, adverse employment action, and satisfactory performance). However, nothing in the Amended Complaint or EEOC charge suggests that Plaintiff's "position remained open or she was replaced by a substantially younger person," Hartman, 595 F. App'x at 181 (internal quotation marks omitted). (See Docket Entries 6-1, 12.)[7]

---

See Johnson v. Lemonds, No. 1:15cv410, 2016 WL 447494, at *2 n.4 (M.D.N.C. Feb. 4, 2016).

    7    Both the Response and Plaintiff's supporting affidavit assert that "a much younger female employee" replaced Plaintiff in at least one position. (Docket Entry 11 at 1, 11.) The Court

Moreover, neither the Amended Complaint nor the EEOC charge contains factual allegations suggesting that Defendants took adverse employment action against Plaintiff because of her age. See generally Buchhagen, 545 F. App'x at 220 (detailing allegations of disparate treatment, including that supervisor (1) "mentored younger employees and sent them to management training courses, but declined to do so for [the plaintiff]," (2) "played favorites with younger employees," and (3) "move[d] responsibilities away from [the plaintiff] to her younger (and less experienced) colleagues" (internal quotation marks omitted; second set of brackets in original)). Under the circumstances, Plaintiff "has not nudged [her] claim[] of invidious discrimination across the line from conceivable to plausible." Iqbal, 556 U.S. at 680 (internal quotation marks omitted). The Court will therefore dismiss Plaintiff's Age Discrimination Claim.[8]

### D. State-Law Claims

Plaintiff's Breach of Contract and Intentional Infliction of Emotional Distress claims arise under North Carolina law. (See Docket Entry 12 at 6-7.) Syngenta Crop Protection asks the Court

_____

cannot consider such statements in evaluating the sufficiency of the Amended Complaint. See E.I. du Pont, 637 F.3d at 448-49.

8    Because Plaintiff amended her Age Discrimination Claim while on notice of its defects (from the Dismissal Motion) without addressing those defects in the Amended Complaint, the Court declines to defer adjudication of this claim to allow Plaintiff another opportunity to amend.

to exercise supplemental jurisdiction over these claims (see Docket Entry 1 at 2-3) and adjudicate their merits (see Docket Entry 6 at 1-2). More specifically, Syngenta Crop Protection asks the Court to determine that Plaintiff's claims fail to meet federal pleading standards and "dismiss Plaintiff's [Amended] Complaint in its entirety with prejudice." (Id. at 2.)

The Court "enjoy[s] wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995); see also 28 U.S.C. § 1367(c) (explaining that a "court[] may decline to exercise supplemental jurisdiction over a claim . . . [when it] has dismissed all claims over which it has original jurisdiction"). Relevant considerations in deciding whether to exercise supplemental jurisdiction include "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." Shanaghan, 58 F.3d at 110. As a general rule, these factors counsel in favor of declining jurisdiction "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); see also id. at 350 n.7 ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . — judicial economy,

convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims.").

Under the circumstances of this case, the Court sees no reason to depart from this general rule. See Waybright v. Frederick Cty., Md., 528 F.3d 199, 209 (4th Cir. 2008) ("With all its federal questions gone, there may be the authority to keep [the case] in federal court under 28 U.S.C. §§ 1367(a) and 1441(c) (2000), but there is no good reason to do so."). Accordingly, the Court will decline to exercise supplemental jurisdiction over Plaintiff's state-law claims, which it will remand to state court. See id. (affirming remand of state-law claims and observing that, after dismissal of all federal claims, "the better path is to send [the plaintiffs'] case back to state court"); see also Carnegie-Mellon, 484 U.S. at 353 (observing that "a remand may best promote the values of economy, convenience, fairness, and comity" when a federal court determines that "the exercise of [supplemental] jurisdiction over [the] case[] would be inappropriate").

## CONCLUSION

Defendants consent to Plaintiff's request to amend her Complaint, rendering amendment proper. However, the Amended Complaint does not state a plausible Age Discrimination Claim and Plaintiff failed to exhaust administrative remedies on her Retaliation Claim. Under these circumstances, the Court declines

to exercise supplemental jurisdiction over Plaintiff's state-law claims.

**IT IS THEREFORE ORDERED** that the Amendment Motion (Docket Entry 12) is **GRANTED.** The Clerk shall docket (i) pages four through eight of Docket Entry 12 as the Amended Complaint and (ii) Docket Entry 3-1 as Exhibit 1 to the Amended Complaint.

**IT IS FURTHER ORDERED** that the Dismissal Motion (Docket Entry 6) is **GRANTED IN PART** and **DENIED IN PART** as follows: (i) Plaintiff's Retaliation Claim is **DISMISSED** for lack of subject matter jurisdiction; (ii) Plaintiff's Age Discrimination Claim is **DISMISSED** for failure to state a claim; and (iii) Plaintiff's Breach of Contract and Intentional Infliction of Emotional Distress claims are **REMANDED** to the Superior Court of North Carolina for Guilford County.

A Judgment dismissing this action will be entered contemporaneously with this Memorandum Opinion and Order.

This 3rd day of August, 2017.

_____/s/ L. Patrick Auld_____
**L. Patrick Auld**
**United States Magistrate Judge**
